IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| VirnetX Inc. | § § | |
|     Plaintiff | § § | Case No. 607CV80 (TJW) |
| vs. | § § | Jury Trial Demanded |
| Microsoft Corporation | § § | |
|     Defendant | § § | |

## PLAINTIFF VIRNETX INC.'S FIRST AMENDED COMPLAINT

## FOR PATENT INFRINGEMENT

### THE PARTIES

1.      Plaintiff VirnetX Inc. ("VirnetX") is a corporation organized under the laws of the State of Delaware, having its principal place of business at 5615 Scotts Valley Drive, Suite 110, Scotts Valley, California 95066.

2.      Upon information and belief, defendant Microsoft Corporation ("Microsoft") is a corporation organized under the laws of the State of Washington, having its principal place of business at One Microsoft Way, Redmond, Washington 98052.  Microsoft is qualified to do business in the State of Texas, Filing No. 10404606, and has appointed Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701, as its agent for service of process.

### JURISDICTION AND VENUE

3.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Microsoft. Microsoft conducts business and has committed acts of patent infringement and/or has contributed to and/or induced acts of patent infringement by others in this district and the State of Texas (as well as elsewhere in the United States).

5. Microsoft has also previously availed itself to this judicial district by filing suit against other litigants in this district, including for example the following: Microsoft Corp. v. Butcher, No. 2:06-cv-00371-DF (E.D. Tex. filed Sept. 15, 2006); Autodesk Inc. and Microsoft Corp. v. C&D Robotics Inc., No. 1:99-cv-103 (E.D. Tex. filed Feb. 26, 1999).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) because, among other things, Microsoft is subject to personal jurisdiction in this judicial district, has regularly conducted business in this judicial district, and certain of the acts complained of herein occurred in this judicial district.

## VIRNETX'S PATENTS-IN-SUIT

7. On December 31, 2002, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,502,135 B1, entitled "Agile Network Protocol for Secure Communications with Assured System Availability" (the "'135 patent"). A true and correct copy of the '135 patent is attached hereto as Exhibit A.

8. On January 4, 2005, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,839,759 B2, entitled "Method for Establishing Secure Communication Link Between Computers of Virtual Private Network Without User Entering Any Cryptographic Information" (the "'759 patent"). A true and correct copy of the '759 patent is attached hereto as Exhibit B.

9. On March 6, 2007, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,188,180, entitled "Method for Establishing Secure Communication Link Between Computers of Virtual Private Network" (the "'180 patent"). A true and correct copy of the '180 patent is attached hereto as Exhibit C.

10. VirnetX is the owner of all right, title, and interest in and to the '135 patent, the '759 patent, and the '180 patent by assignment, with full and exclusive right to bring suit to enforce each of these patents, including the right to recover for past infringement.

## COUNT ONE

## MICROSOFT'S INFRINGEMENT OF THE '135 PATENT

11. VirnetX realleges and incorporates herein the allegations of paragraphs 1 through 10 as if fully set forth herein.

12. The '135 patent is valid and enforceable.

13. Upon information and belief, Microsoft has infringed and/or is infringing the claims of the '135 patent by making, using, offering for sale, selling, and/or importing various products and/or services, including without limitation, certain versions of Windows Server 2003, Windows XP, Windows Vista, Live Communication Server, Windows Messenger, Microsoft Office Communicator, Microsoft Office suites and related applications (such as Word, Excel, and Outlook), and products with similar functionality available since January 2003.

14. Upon information and believe, Microsoft is liable for direct infringement and/or indirect infringement by way of inducement and/or contributory infringement of the '135 patent under 35 U.S.C. § 271.

15. Upon information and belief, in violation of 35 U.S.C. § 271, Microsoft provides components from the United States to be combined and/or used outside the United States in a manner infringing the '135 patent.

16. Upon information and belief, Microsoft has willfully infringed and/or does willfully infringe the '135 patent.

17. Upon information and belief, Microsoft's acts of infringement of the '135 patent will continue after service of this Complaint unless enjoined by the Court.

18. As a result of Microsoft's infringement, VirnetX has suffered and will suffer damages.

19. VirnetX is entitled to recover from Microsoft the damages sustained by VirnetX as a result of Microsoft's wrongful acts in an amount subject to proof at trial.

20. Unless Microsoft is enjoined by this Court from continuing its infringement of the '135 patent, VirnetX will suffer additional irreparable harm and impairment of the value of its patent rights. Thus, VirnetX is entitled to an injunction against further infringement.

## COUNT TWO

## MICROSOFT'S INFRINGEMENT OF THE '759 PATENT

21. VirnetX realleges and incorporates herein the allegations of paragraphs 1 through 10 as if fully set forth herein.

22. The '759 patent is valid and enforceable.

23. Upon information and belief, Microsoft has infringed and/or is infringing the claims of the '759 patent by making, using, offering for sale, selling, and/or importing various products and/or services, including without limitation, certain versions of Windows Server 2003, Windows XP, Windows Vista, Live Communication Server, Windows Messenger, Microsoft

Office Communicator, Microsoft Office suites and related applications (such as Word, Excel, and Outlook), and products with similar functionality available since January 2005.

24. Upon information and belief, Microsoft is liable for direct infringement and/or indirect infringement by way of inducement and/or contributory infringement of the '759 patent under 35 U.S.C. § 271.

25. Upon information and belief, in violation of 35 U.S.C. § 271, Microsoft provides components from the United States to be combined and/or used outside the United States in a manner infringing the '759 patent.

26. Upon information and belief, Microsoft has willfully infringed and/or does willfully infringe the '759 patent.

27. Upon information and belief, Microsoft's acts of infringement of the '759 patent will continue after service of this Complaint unless enjoined by the Court.

28. As a result of Microsoft's infringement, VirnetX has suffered and will suffer damages.

29. VirnetX is entitled to recover from Microsoft the damages sustained by VirnetX as a result of Microsoft's wrongful acts in an amount subject to proof at trial.

30. Unless Microsoft is enjoined by this Court from continuing its infringement of the '759 patent, VirnetX will suffer additional irreparable harm and impairment of the value of its patent rights. Thus, VirnetX is entitled to an injunction against further infringement.

## COUNT THREE

### MICROSOFT'S INFRINGEMENT OF THE '180 PATENT

31. VirnetX realleges and incorporates herein the allegations of paragraphs 1 through 10 as if fully set forth herein.

32. The '180 patent is valid and enforceable.

33. Upon information and belief, Microsoft has infringed and/or is infringing the claims of the '180 patent by making, using, offering for sale, selling, and/or importing various products and/or services, including without limitation, certain versions of Windows XP, Windows Vista Home Premium, Windows Vista Business, Windows Vista Ultimate, and products with similar functionality available since March 2007.

34. Upon information and belief, Microsoft is liable for direct infringement and/or indirect infringement by way of inducement and/or contributory infringement of the '180 patent under 35 U.S.C. § 271.

35. Upon information and belief, in violation of 35 U.S.C. § 271, Microsoft provides components from the United States to be combined and/or used outside the United States in a manner infringing the '180 patent.

36. Upon information and belief, Microsoft has willfully infringed and/or does willfully infringe the '180 patent.

37. Upon information and belief, Microsoft's acts of infringement of the '180 patent will continue after service of this Complaint unless enjoined by the Court.

38. As a result of Microsoft's infringement, VirnetX has suffered and will suffer damages.

39. VirnetX is entitled to recover from Microsoft the damages sustained by VirnetX as a result of Microsoft's wrongful acts in an amount subject to proof at trial.

40. Unless Microsoft is enjoined by this Court from continuing its infringement of the '180 patent, VirnetX will suffer additional irreparable harm and impairment of the value of its patent rights. Thus, VirnetX is entitled to an injunction against further infringement.

**PRAYER FOR RELIEF**

WHEREFORE, VirnetX prays for judgment and relief as follows:

(a) That Microsoft has infringed each of the '135 patent, the '759 patent, and the '180 patent under 35 U.S.C. § 271;

(b) That Microsoft's infringement of each of the '135 patent, the '759 patent, and the '180 patent constitutes willful infringement;

(c) That Microsoft be ordered to pay VirnetX damages pursuant to 35 U.S.C. § 284, including an accounting;

(d) That Microsoft be ordered to pay VirnetX treble damages pursuant to 35 U.S.C. § 284;

(e) That the Court declare this to be an exceptional case pursuant to 35 U.S.C. § 285;

(f) That Microsoft be ordered to pay VirnetX attorney fees pursuant to 35 U.S.C.§ 285;

(g) That Microsoft be ordered to pay VirnetX pre-judgment and post-judgment interest;

(h) That Microsoft be ordered to pay VirnetX all of the costs associated with this action;

(i) That Microsoft, its officers, agents, employees, directors, representatives, parents, subsidiaries, affiliates, distributors and retailers and those persons and entities acting in active concert with, on behalf of, in joint venture with, or in participation with Microsoft, and its successors and assigns, be enjoined from further infringement of the '135 patent, the '759 patent, and the '180 patent pursuant to 35 U.S.C. § 283; and

-8-

      (j)      That VirnetX be granted such other and additional relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

VirnetX demands a trial by jury on all issues so triable.

Dated: April 5, 2007

By: */s/Robert Christopher Bunt*
Robert Christopher Bunt
Texas Bar No. 00787165
Robert M. Parker
Texas Bar No. 15498000
Charles Ainsworth
Texas Bar No. 00783521
PARKER, BUNT & AINSWORTH, P.C.
100 East Ferguson, Suite 1114
Tyler, Texas 75702
Telephone: (903) 531-3535
Facsimile: (903) 533-9687
E-mail: rcbunt@pbatyler.com
E-mail: rmparker@pbatyler.com
E-mail: charley@pbatyler.com

Otis W. Carroll (Texas Bar No. 03895700)
Collin M. Maloney (Texas Bar No. 00794219)
IRELAND, CARROLL & KELLEY, P.C.
6101 South Broadway, Suite 500
Tyler, Texas 75703
Telephone: (903) 561-1600
Facsimile: (903) 581-1071
Email: Fedserv@icklaw.com

*Of Counsel:*

| | |
|---|---|
| Fay E. Morisseau (Texas Bar No. 14460750) | Terrence P. McMahon (Pro Hac Vice App Pending) |
| Mark J. Itri (Pro Hac Vice App Pending) | Vera M. Elson (Admitted Pro Hac Vice) |
| Christopher D. Bright (Admitted Pro Hac Vice) | McDERMOTT WILL & EMERY LLP |
| Daniel R. Foster (Admitted Pro Hac Vice) | 3150 Porter Drive |
| Soyeon (Karen) P. Laub (Admitted Pro Hac Vice) | Palo Alto, CA  94304 |
| McDERMOTT WILL & EMERY LLP | Telephone: (650) 813-5000 |
| 18191 Von Karman Avenue, Suite 500 | Facsimile: (650) 813-5100 |
| Irvine, California 92612-7108 | E-mail: velson@mwe.com |
| Telephone: (949) 851-0633 | E-mail: tnation@mwe.com |
| Facsimile:  (949) 851-9348 | E-mail: mkenner@mwe.com |
| E-mail: cbright@mwe.com | |
| E-mail: dfoster@mwe.com | |
| E-mail: klaub@mwe.com | |

Attorneys for plaintiff VirnetX Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel who are deemed to have consented to electronic service are being served this 5th day of April 2007, with a copy of this document via the Court's CM/ECF system per Local Rule CD-5(a)(3).

/s/ *Robert Christopher Bunt*
ROBERT CHRISTOPHER BUNT