IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **VIRNETX, INC.** | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | CASE NO. 6:07 CV 80 |
| | § | PATENT CASE |
| **MICROSOFT CORPORATION** | § | |
| | § | |
| Defendant | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is VirnetX, Inc.'s ("VirnetX") motions to compel regarding archived emails, current emails, Microsoft Corporation's ("Microsoft") responses to Interrogatory Question Nos. 3 and 6, and Microsoft's invalidity contentions (Docket No. 127). Also before the Court is VirnetX' motion for leave to amend infringement contentions (Docket No. 156).

The Court **DENIES** VirnetX' motion to compel as to archived emails. As to current emails, the Court **ORDERS** lead counsel from both parties to meet and confer. If the parties cannot come to an agreement, VirnetX' motion to compel current emails must be submitted by January 5, 2009. Briefing on the issue must specify the individuals whom emails are sought, the roles of the individuals, and the reasons for VirnetX' requests.

The Court **GRANTS** VirnetX' motion to compel as to Interrogatory Question No. 6 and Microsoft's invalidity contentions. Microsoft must be specific in its interrogatory response and invalidity contentions and submit them by January 5, 2009. The parties must file their *Markman* briefs as currently scheduled, with the opening brief due on December 30, 2008 and responsive brief

1

due on January 20, 2009 (Docket No. 39). However, VirnetX may supplement its brief to address issues raised by Microsoft's amended invalidity contentions by January 27, 2009, and Microsoft may respond to VirnetX' supplement by February 10, 2009.

The Court **DENIES** VirnetX' motion to compel as to Interrogatory Question No. 3 as moot.

## BACKGROUND

On February 15, 2007, VirnetX brought an action for patent infringement against Microsoft based on U.S. Patent Nos. 6,502,135 B1 (the '135 patent), entitled "Agile Network Protocol for Secure Communications with Assured System Availability," and 6,839,759 B2 (the '759 patent), entitled "Method for Establishing Secure Communication Link Between Computers of Virtual Private Network Without User Entering Any Cryptographic Information" (Docket No. 1). VirnetX filed amended complaints on April 5, 2007, adding U.S. Patent No. 7,188,180 (the '180 patent), entitled "Method for Establishing Secure Communication Link Between Computers of Virtual Private Network," as a basis for its infringement claims (Docket No. 25), and on June 10, 2008, adding Science Applications International Corporation as an involuntary plaintiff (Docket No. 120). Microsoft counterclaims and defends in part on the bases of noninfringement and invalidity (Docket No. 133). VirnetX served its original infringement contentions on October 16, 2007 (Docket No. 44). Microsoft served its original invalidity contentions on December 20, 2007 (Docket No. 62). Microsoft received VirnetX' amended infringement contentions that are the subject of VirnetX' motion for leave on August 11, 2008. The *Markman* hearing is set for February 17, 2009, and trial is scheduled for October 13, 2009 (Docket No. 39).

VirnetX filed a motion for leave to amend its infringement contentions on September 24, 2008 (Docket No. 156), and Microsoft filed its opposition to the motion on October 9, 2008 (Docket

No. 166). VirnetX requests leave to amend so that in part it can add its infringement theory based on Terminal Services Gateway ("TSG"). VirnetX claims that it has been diligent in analyzing Microsoft's production and could not have reasonably known of potential claims based on TSG until after receiving Microsoft's complete source code, which Microsoft produced after VirnetX submitted its original infringement contentions. VirnetX also asserts that the additions made to its contentions based on TSG are of critical importance and that granting leave would not prejudice Microsoft. In opposition, Microsoft claims that VirnetX did not meet the requisite diligence standard for granting leave to amend because Microsoft made TSG publicly available before VirnetX served its infringement contentions. Thus, Microsoft alleges that VirnetX should have been aware of any claims based on TSG at that time. Microsoft also asserts that VirnetX has not explained the importance of adding an infringement theory based on TSG to its case and that granting leave would prejudice Microsoft.

## APPLICABLE LAW

Patent Rule 3-6(b) requires leave of Court and good cause if a party seeks to amend or supplement its infringement contentions after the due date. Federal Rule of Civil Procedure 16(b) allows a party to modify the Court's docket control order upon a showing of good cause. FED. R. CIV. P. 16. The good cause standard requires the party seeking relief to show that, despite its exercise of diligence, it cannot reasonably meet the scheduling deadlines. *S & W Enters., L.L.C. v. SouthTrust Bank of Alabama*, 315 F.3d 533, 535 (5th Cir. 2003). The Court has broad discretion to allow scheduling order modification and considers four elements to determine if modification is appropriate: (1) the explanation for the party's failure to meet the deadline, (2) the importance of what the Court is excluding, (3) the potential prejudice if the Court allows the thing that would be

excluded, and (4) the availability of a continuance to cure such prejudice. *Id.* at 536. A party's failure to meet a deadline due to mere inadvertence is equivalent to no explanation at all. *Id.*

## ANALYSIS

*Explanation for Delay*

VirnetX' reasons for omitting infringement theories based on TSG in its original infringement contentions favor granting leave to amend. VirnetX has been diligent in examining Microsoft's production. It has analyzed 500 gigabits of Microsoft's source code and tens of thousands of Microsoft's confidential documents since serving its original contentions on October 16, 2007. VirnetX also asserts that it employed two technical experts who have spent over 1750 hours analyzing the source code and documents. Moreover, VirnetX applied these efforts over a rolling production where Microsoft did not produce a complete source code until March 21, 2008 and over half of its confidential documents until April 30, 2008. In his affidavit, VirnetX' expert, Mark T. Jones, states that the code and documents were critical to sufficiently explaining the basis for VirnetX' case. (Jones Aff. 2.) After VirnetX' experts analyzed Microsoft's production, VirnetX delivered the amended contentions on August 11, 2008, less than four months after receiving the completed code. This evidence tends to show that VirnetX diligently analyzed the code and documents without undue delay.

Microsoft contends that VirnetX has not demonstrated the diligence required for granting leave to amend. Microsoft argues it made TSG publicly available before VirnetX served its infringement contentions on October 16, 2007, and thus VirnetX should have included TSG in its original contentions. However, software presents "unique challenges for the parties and the courts because, prior to discovery, plaintiffs usually only have access to the manifestation of the defendants'

allegedly infringing source code and not the code itself;" thus "plaintiffs are typically unable to give highly specified infringement contentions." *Am. Video Graphics, L.P. v. Elec. Arts, Inc.*, 359 F. Supp. 2d 558, 560 (E.D. Tex. 2005) (Davis, J.). While TSG may have been available to the public before VirnetX served its infringement contentions, Microsoft released only the manifestation of the source code and not the code itself. Under those circumstances, VirnetX' experts were unable to determine how TSG used domain name service look ups in order to establish a connection. Without this information, the experts could not know if TSG infringes. Thus, VirnetX has sufficiently explained the delay in asserting TSG in its infringement contentions.

*Importance*

The importance of the new material in VirnetX' amended infringement contentions also favors granting leave to amend. VirnetX contends that the source code and technical documents included in its amended infringement contentions are critical to its theory of infringement and that denying its motion will leave only publicly available information as support for its case. VirnetX' changes are critical because it has discovered more specific bases for its claims and narrowed its infringement contentions accordingly. VirnetX has pointed to specific source code regarding TSG in Windows Server 2008 as evidence of Microsoft's infringement of the '759 patent. In the process, VirnetX reduced its claims from thirty-five to eighteen while withdrawing all infringement theories based on the '759 patent, five of the seven accused features of the '135 patent, and one accused feature of the '180 patent. Such specification and narrowing of VirnetX' contentions are critical to the development of its case.

*Prejudice*

Microsoft contends that it will be prejudiced if the Court grants leave to amend because it has relied on the original infringement contentions to perform its investigation, analysis, and case strategy. However, the prejudice to Microsoft is negligible. VirnetX has reduced the number of asserted claims as discussed above. Such reductions lessen the likelihood that the addition of contentions related to TSG will significantly prejudice Microsoft.

Microsoft also contends that the addition of TSG to the infringement contentions is prejudicial because it had no knowledge that this functionality was accused. However, TSG is a feature of Windows Server 2008, and TSG uses SSL and TLS functionality. VirnetX asserted Windows Server 2008 as an accused product and identified SSL and TLS as accused features in its original contentions. Thus, Microsoft was at least aware that functions used by TSG, SSL and TLS, were accused prior to receiving the amended contentions. Accordingly, prejudice to Microsoft is minimal.

More importantly, the current *Markman* hearing and trial dates (February 17, 2009 and October 13, 2009) and the Court's allowance for Microsoft to amend its invalidity contentions by January 5, 2009 give Microsoft sufficient time to adjust its case in response to the amended infringement contentions that it received on August 11, 2008 (about six months and fourteen months for the *Markman* hearing and trial respectively). Also, if circumstances arise so that the current schedule results in unforeseen prejudice to Microsoft, the Court can modify the schedule to relieve such prejudice. As of now, however, Microsoft has not demonstrated prejudice that would significantly weigh against granting leave to amend.

*Availability of Continuance*

The above reasoning regarding prejudice applies here. As of now, Microsoft has not demonstrated prejudice that would significantly weigh against granting leave to amend; thus, a continuance is not currently necessary.

## CONCLUSION

The factors for amending infringement contentions all weigh in favor of granting VirnetX' motion for leave to amend its infringement contentions. Accordingly, the Court **GRANTS** VirnetX' motion for leave to amend (Docket No. 156).

**So ORDERED and SIGNED this 19th day of December, 2008.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE